IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY SHERWOOD, | ) |
| Plaintiff, | ) Case No. 24-CV-0318 |
| v. | ) Judge Robert W. Gettleman |
| THE VILLAGE OF FOX LAKE, ILLINOIS, FOX LAKE POLICE OFFICER SCOTT LITWILER, FOX LAKE POLICE OFFICE ERIC EWALD, FOX LAKE POLICE DEPARTMENT, LAKE COUNTY, ILLINOIS, LAKE COUNTY STATE'S ATTORNEY LINDSAY HICKS, LAKE COUNTY STATE'S ATTORNEY LILLIAN LEWIS, | ) |
| Defendants. | ) |

**MEMORANDUM OPINION & ORDER**

Plaintiff Jeffrey Sherwood brings the instant nine-count amended complaint against defendants: the Village of Fox Lake, Illinois; Fox Lake Officer Scott Litwiler ("Litwiler"); Fox Lake Officer Eric Ewald ("Ewald"); the Fox Lake Police Department; Lake County, Illinois; Lake County State's Attorney Lindsay Hicks ("Hicks"); and Lake County State's Attorney Lillian Lewis ("Lewis"). Count I alleges excessive force pursuant to 42 U.S.C. § 1983 against defendants Litwiler, Village of Fox Lake, and Fox Lake Police Department; Count II alleges false arrest and unlawful detention pursuant to 42 U.S.C. § 1983 against Litwiler, Ewald, Village of Fox Lake, and Fox Lake Police Department; Count III alleges malicious prosecution pursuant to Illinois common law against all defendants; Count IV alleges false imprisonment pursuant to Illinois common law against Litwiler, Ewald, Village of Fox Lake, and Fox Lake Police Department; Count V alleges assault pursuant to Illinois common law against Litwiler, Ewald, Village of Fox Lake, and Fox Lake Police Department; Count VI alleges battery pursuant to

1

Illinois common law against Litwiler, Village of Fox Lake, and Fox Lake Police Department; Count VII alleges intentional infliction of emotional distress pursuant to Illinois common law against all defendants; Count VIII alleges respondeat superior against Village of Fox Lake and Fox Lake Police Department; Count IX alleges indemnification pursuant to Illinois law against Village of Fox Lake and Fox Lake Police Department; Count X alleges respondeat superior against Lake County; and Count XI alleges indemnification pursuant to Illinois law against Lake County. On March 18, 2024, defendants Hicks, Lewis, and Lake County (collectively, "the Lake County defendants") moved to dismiss all counts against them (i.e., Counts III, VII, X, and XI) (Doc. 17) for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Lake County defendants' motion is granted.

## BACKGROUND

The court takes the relevant factual allegations, which it views in the light most favorable to plaintiff, from plaintiff's amended complaint. According to plaintiff, at all relevant times, the Fox Lake Police Department, as a governmental entity of the Village of Fox Lake, employed Officers Litwiler and Ewald. Further, plaintiff alleges that at all relevant times, Lake County employed Hicks and Lewis.

On or about January 15, 2023, plaintiff alleges that Litwiler and Ewald arrived on the scene after plaintiff was involved in a motor vehicle accident. Plaintiff alleges that Litwiler interrogated him "in an aggressive manner," and then "falsely accused [him] of changing his story." Plaintiff further alleges that Litwiler "did not have reasonable grounds to believe that Plaintiff had been driving while intoxicated, to arrest him, and to subject him to the field sobriety tests." Plaintiff states that Litwiler lacked probable cause to administer a breathalyzer on him, but allegedly "shoved the mouthpiece of the breathalyzer into Plaintiff's mouth at least 3 times."

Plaintiff alleges that Litwiler was unable to obtain a proper and accurate breathalyzer reading, and that Ewald "advised that radio interference might be the issue for the breathalyzer unit providing an error code." Ultimately, plaintiff alleges that Litwiler lacked probable cause to arrest him because he committed no crime. Plaintiff also alleges that Ewald failed to intervene to prevent the false arrest.

Next, according to plaintiff, Litwiler and/or Ewald made false statements in their police report. Plaintiff asserts that these statements are rebutted by dashboard camera ("dash cam") footage of the incident from the officers' vehicles. Plaintiff alleges that the Lake County State's Attorney's Office received the dash cam footage, and Hicks and Lewis "had an opportunity to review the dash cam video." However, plaintiff states that Hicks and Lewis did not intervene "to halt or prevent the criminal investigation and prosecution of Plaintiff."

On July 17, 2023, plaintiff was acquitted after a bench trial on the criminal charge stemming from this incident.[1] Plaintiff states that Litwiler and/or Ewald falsely testified at trial based on the police report. Plaintiff then filed his original complaint before this court on January 12, 2024, which he amended on January 17, 2024.

The Lake County defendants seek to dismiss the counts against them. Specifically, defendants seek to dismiss Counts III, VII, X, and XI. Count III alleges malicious prosecution under state common law against all defendants. Plaintiff claims that defendants "improperly subjected [him] to judicial proceedings for which there was no probable cause," which were "instituted and continued maliciously, resulting [in injury,]" and were terminated "in a manner indicative of innocence." According to plaintiff, Hicks and Lewis had the opportunity to review

---

[1] As plaintiff states, the court may take judicial notice of plaintiff's underlying criminal court record based on its ability to take judicial notice of matters of public record on motions to dismiss pursuant to Rule 12(b)(6). See Anderson v. Simon, 217 F.3d 472, 474–75 (7th Cir. 2000).

3

the dash cam footage (which allegedly contradicts the police report), but did not intervene to terminate the proceeding against him. Specifically, plaintiff alleges that Hicks and Lewis continued "to prosecute the case." He claims that the Lake County defendants acted "in a willful and wanton manner, and directly and proximately caused the injury and damage to Plaintiff."

Count VII alleges intentional infliction of emotional distress under Illinois common law against all defendants. Plaintiff claims that defendants "initiated a malicious prosecution without probable cause," in a "willful and wanton manner, and directly and proximately caused the injury and damage to Plaintiff set forth above." According to plaintiff, defendants' conduct was "extreme and outrageous conduct."

Count X alleges respondeat superior against Lake County. Plaintiff claims that Lake County is liable for its employees' actions committed while in the scope of their employment as "duly appointed police officers," and that Lake County employs Hicks and Lewis. Relatedly, Count XI alleges indemnification under Illinois law against Lake County. Plaintiff claims that Lake County must indemnify Hicks and Lewis pursuant to 745 ILCS 10/9-102.

## LEGAL STANDARD

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must allege sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Fed. R. Civ. Pro. 12(b)(6). For a claim to have "facial plausibility," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the possibility of misconduct, the complaint has alleged—but has not shown—that the pleader is entitled to relief." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

4

**DISCUSSION**

The Lake County defendants argue that Counts III, VII, X, and XI against them should be dismissed. According to the Lake County defendants, plaintiff fails to make specific allegations against them that "escape absolute prosecutorial immunity under state law," and his respondeat superior and indemnity claims against Lake County are improper. The court will address each argument in turn.

First, Hicks and Lewis argue that the court should dismiss Counts III and VIII because they are entitled to absolute prosecutorial immunity for their alleged conduct under Illinois law. Defendants bear the burden to prove that they have immunity. See Burns v. Reed, 500 U.S. 478, 486 (1991). Courts use a functional approach to determine whether immunity applies, which includes an analysis of the nature of the function performed rather than the identity of the actor who performed it. See id.; Buckley v. Fitzsimmons, 509 U.S. 259, 269 (1993) (citing Forrester v. White, 484 U.S. 219, 229 (1988)).

As defendants emphasize, it is well settled that prosecutors are given absolute prosecutorial immunity for conduct that is intimately associated with the judicial phase of the criminal process.[2] See Imbler v. Pachtman, 424 U.S. 409, 430 (1976). One reason for prosecutorial immunity is the concern that "harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust." Id. at 423.

---

[2] Plaintiff does not allege Count III pursuant to 42 U.S.C. § 1983, although many of the cases cited by the parties analyze immunity in the § 1983 context. Other courts in this district have remarked that "[t]he state law rules governing prosecutorial immunity are, as everywhere or nearly everywhere, at least as broad as those found in federal law." Andrews v. Burge, 660 F.Supp.2d 868, 879 (N.D. Ill. 2009). Thus, the Illinois doctrine of prosecutorial immunity is coextensive with the federal doctrine. See Simpson v. Meijer, No. 12 C 6217, 2013 WL 3834641, at *8 (N.D. Ill. 2013).

Conversely, the Supreme Court has explained that a prosecutor is not entitled to absolute immunity when she performs the investigative functions that are normally performed by a police officer or detective. See Buckley v. Fitzsimmons, 509 U.S. 259, 273–74 (1993). A police officer or detective's role is to investigate, or search for "the clues and corroboration that might give him probable cause to recommend that a suspect be arrested." Id. at 273. Prosecutors acting in an investigative capacity may claim only qualified immunity. See id. The Court reasoned that "it would be anomalous, to say the least, to grant prosecutors only qualified immunity when offering legal advice to police about an unarrested suspect, but then to endow them with absolute immunity when conducting investigative work themselves in order to decide whether a suspect may be arrested." Id. at 275.

Thus, the Court has determined that "[a] prosecutor neither is, nor should consider himself to be, an advocate before he has probable cause to have anyone arrested." Id. at 274. On the other hand, at its core, prosecutorial immunity protects conduct related to the preparation and initiation of judicial proceedings, such as filing a criminal charge. See Burns v. Reed, 500 U.S. 478, 491–92 (1991). Prosecutorial immunity also protects the presentation of evidence, even if the evidence is false or misleading, and a prosecutor's actions in preparing her case. See Kalina v. Fletcher, 522 U.S. 118, 129–30 (2009).

According to defendants, the court should dismiss Counts III and VII[3] because plaintiff "makes no allegations that Assistant State's Attorneys Hicks and/or Lewis were present or participated in any police interrogation or investigation activities." Rather, defendants argue that plaintiff "admits that . . . Lewis and Hicks were uninvolved in the investigation, as they 'did not intervene to halt or prevent the criminal investigation and prosecution of Plaintiff.'" Defendants

---

[3] As discussed above, Count III alleges malicious prosecution under state law, and Count VII alleges intentional infliction of emotional distress under state law.

state that Hicks and Lewis are entitled to prosecutorial immunity for their conduct in prosecuting the case, which includes reviewing evidence and their advocacy during the bench trial.

Plaintiff counters that his claim is based on Hicks and Lewis's alleged failure "to intervene to halt or prevent the investigation and prosecution" after reviewing the dash cam footage. According to plaintiff, this allegation is not the same as an allegation that Hicks and Lewis were not involved in the investigation. He argues that Hicks and Lewis "never had, and at all times knew they did not have, probable cause to arrest and prosecute plaintiff," although the amended complaint does not contain that allegation.[4] In any case, plaintiff maintains that courts generally cannot determine whether a prosecutor acted in an investigatory capacity based on pleadings alone. See Saunders v. City of Chicago, No. 12-CV-09158, 2013 WL 6009933, at *9, on reconsideration in part, No. 12-CV-09158, 2014 WL 3535723 (N.D. Ill. July 11, 2014). See also Roldan v. Stroud, 52 F.4th 335, 339 (7th Cir. 2022) (determining that a motion to dismiss is "rarely the most suitable procedural setting to determine whether an official is qualifiedly immune") (internal quotations omitted).

The court concludes that Lewis and Hicks are entitled to absolute prosecutorial immunity on Count III for malicious prosecution. To the extent that plaintiff alleges that the prosecutors failed to "halt or prevent the . . . prosecution," this conduct is clearly protected. Further, to the extent that plaintiff alleges that Hicks and Lewis failed to "<u>intervene</u> to halt or prevent the investigation," his use of the term "intervene" necessarily suggests that Hicks and Lewis were not involved in the investigation.[5] (Emphasis added). Regardless, plaintiff offers only a bare

---

[4] Plaintiff also argues that Hicks and Lewis "violated due process when they knowingly use[d] perjured testimony to try to secure a conviction." As discussed above, presenting evidence is a core prosecutorial action. Regardless, plaintiff's complaint does not contain this allegation against Hicks and Lewis.
[5] Following Whitlock v. Brueggemann, 682 F.3d 567 (7th Cir. 2012), other courts in this district have allowed failure to intervene claims to proceed against prosecutors. See Smith v. Burge, 222 F.Supp.3d 669, 686 (N.D. Ill. 2016).

7

assertion that Hicks and Lewis should have intervened in some way after reviewing the dash cam footage, which is insufficient to plead a claim. Plaintiff does not allege that the prosecutors had any role in the events depicted in the video (regardless of whether the video demonstrates probable cause to arrest him, or otherwise suggests that Litwiler or Ewald allegedly created false evidence), and he acknowledges that a grand jury returned an indictment against him before the case proceeded to trial. Plaintiff maintains that his trial proceeded without probable cause, but prosecutorial immunity "shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." Smith v. Power, 346 F.3d 740, 742 (7th Cir. 2003) (internal quotations omitted).

Hicks and Lewis also argue that plaintiff fails to sufficiently plead an intentional infliction of emotional distress ("IIED") claim against them. The court agrees with defendants that they are entitled to absolute prosecutorial immunity for the alleged conduct, which consists of "initiat[ing] a malicious prosecution without probable cause." Thus, the court dismisses Counts III and VII against Hicks and Lewis based on prosecutorial immunity. The court does not address whether plaintiff has sufficiently pleaded the elements of his state law claims against the non-Lake County defendants.

Last, the court agrees with the Lake County defendants that Lake County is improperly named in all counts. In addition to naming Lake County in Counts III and VII, plaintiff seeks derivative liability against Lake County in Count X under the doctrine of respondeat superior, and indemnification in Count XI pursuant to 45 ILCS 10/9-102.[6] However, these claims do not apply to parties without an employment relationship. See Moy v. Cook County, 620 N.E. 2d

---

[6] 745 ILCS 10/9-102 states that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages (and may pay any associated attorney's fees and costs) for which it or an employee while acting within the scope of his employment is liable in the manner provided in this Article."

8

926, 928 (1994). According to defendants, it is incorrect for plaintiff to name Lake County as Hicks and Lewis's employer. They argue that the Office of the Lake County State's Attorney is a distinct legal entity from Lake County itself, and that prosecutors are arms of the State of Illinois, not Lake County. See Simpson v. Meijer, Inc., 2013 WL 3834641, at *4 (N.D. Ill. 2013) (citing Igemunson v. Hedges, 133 Ill. 2d 364 (1990)).

Plaintiff counters that in Carver v. Sheriff of LaSalle County, 324 F.3d 947, 948 (7th Cir. 2003), the Seventh Circuit stated that "a county in Illinois is a necessary party in any suit seeking damages from an independently elected county officer (sheriff, assessor, clerk of court, and so on) in an official capacity." In Carver, the court explained that a sheriff is an independently elected county officer. See id. This court agrees with defendants that Lake County's relationship with its sheriff is not dispositive regarding its relationship with its state's attorneys. Regardless, plaintiff has not sued Hicks or Lewis in their official capacities; he has sued them in their individual capacities.

The court's reasoning in Biggerstaff v. Moran, 671 N.E.2d 781 (1st Dist. 1996), is more instructive. In Biggerstaff, the court determined that there was no employment relationship between a state's attorney and a county because assistant state's attorneys are officers, not employee-agents. Id. at 784 (citing People ex rel. Landers v. Toledo, St. L. & W.R. Co., 267 Ill. 142 (1915)). The court explained that "[j]ust as Cook County is not vicariously liable for the Cook County Sheriff's negligent acts because the Sheriff is a county officer, not a county employee, Cook County is not vicariously liable for the Cook County State's Attorney's negligent acts." Biggerstaff, 671 N.E. 2d at 784. Further, the court stated that "the State's Attorney is a step further away from having an employment relationship with Cook County because he is a state officer whose office was constitutionally created under the judiciary

9

article." Id.

Accordingly, the court grants the Lake County defendants' motion to dismiss the counts against them (i.e., Counts III, VII, X, and XI).

## **CONCLUSION**

For the reasons stated above, the court grants the Lake County defendants' motion to dismiss all counts against them (i.e., Counts III, VII, X, and XI) (Doc. 17).

**ENTER:**

_____
Robert W. Gettleman
United States District Judge

**DATE: May 15, 2024**